**In the Matter of M.A.L., A Juvenile.**

**No. 10–98–289–CV.**

Court of Appeals of Texas,
Waco.

June 30, 1999.

Paul Guillotte, Jr., Gatesville, for appellant.

Richard L. Mackay, Jr., Asst. Dist. Atty., Gatesville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

The juvenile court in Coryell County modified the disposition of M.A.L. and committed him to the Texas Youth Commission. M.A.L. contends that the evidence was insufficient to show that all reasonable efforts to prevent placement outside his home had been exhausted. Because the juvenile court found a violation of a lawful court order by a preponderance of the evidence which is sufficient to modify a juvenile's previous disposition order and commit him to the Texas Youth Commission, we will affirm.

## BACKGROUND

On July 2, 1997, the juvenile court found M.A.L. to have engaged in delinquent conduct for committing the penal offenses of assault causing bodily injury and theft. M.A.L. was placed on probation for a period of one year pursuant to a disposition hearing and placed in the custody of his mother. By October, the juvenile court learned at a detention hearing that M.A.L. had been abandoned by his mother and on October 20, 1997, placed the child in the custody of Child Protective Services–Department of Protective and Regulatory Services (CPS).

M.A.L.'s disposition was modified on October 24, 1997, to continue CPS as his temporary managing conservator and to place him with an acquaintance, Camille Pittman. M.A.L.'s original conditions of probation were also continued. In an order dated October 30, 1997, the juvenile court then removed M.A.L. from Ms. Pittman's home because of rule violations and ordered him placed at the Option House in Killeen, Texas. The State filed a motion to modify M.A.L.'s disposition, and the juvenile court, on November 24, 1997, placed M.A.L. at Buena Vista Home for Boys, Inc. in Stamford, Texas. M.A.L. was again ordered to abide by the conditions of his probation and by the rules and regulations of the home.

The State filed another motion to modify M.A.L.'s disposition on July 6, 1998, alleging numerous violations of M.A.L.'s conditions of probation and asking the juvenile court to commit M.A.L. to the Texas Youth Commission. A hearing was held on August 13, 1998, where M.A.L. submitted a stipulation to the evidence and pled "true" to several of the State's allegations. Testimony was also taken, and at the conclusion of the hearing, the juvenile court found that M.A.L. had violated a reasonable and lawful court order by violating the conditions of his probation to which he had pled "true." The juvenile court ordered M.A.L. committed to the Texas Youth Commission.

## MODIFICATION OF DISPOSITION

In his only issue for review, M.A.L. contends that the juvenile court erred in committing him to the Texas Youth Commission on the State's motion to modify disposition because the evidence was insufficient to support a finding that all reasonable efforts had been expended to prevent his placement outside his home. After an adjudication finding a child engaged in delinquent conduct, a juvenile court proceeds to a separate disposition hearing. TEX. FAM.CODE ANN. §§ 54.03, 54.04 (Vernon 1996). At a disposition hearing, the juvenile court may place the child on probation in his own home or outside his home, or commit the child to the Texas Youth Com-

mission. TEX. FAM.CODE ANN. § 54.04(d)(1) & (2) (Vernon 1996). To place a child on probation outside his home, the juvenile court must determine that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home. TEX. FAM.CODE ANN. § 54.04(i) (Vernon 1996). However, M.A.L.'s appeal is from the August 13, 1998, order modifying his disposition, and section 54.05 of the Texas Family Code controls what the trial court must find before a modification committing the child to the Texas Youth Commission is authorized. TEX. FAM.CODE ANN. § 54.05(f) (Vernon 1996). Unlike section 54.04, section 54.05 does not require the juvenile court to make a determination that reasonable efforts were made to prevent or eliminate the need for 'the child's removal from the home before modifying the child's disposition and committing him to the Texas Youth Commission. *See* TEX. FAM.CODE ANN. § 54.05 (Vernon 1996).

## Applicable Law

■ A disposition based on a finding that the child engaged in delinquent conduct may be modified to commit the child to the Texas Youth Commission if the court, after a hearing to modify disposition, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f) (Vernon 1996). Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so on hearings to modify disposition. *In the Matter of J.L.*, 664 S.W.2d 119, 120 (Tex.App.—Corpus Christi 1983, no writ). Therefore, the controlling issue when a juvenile court modifies a disposition that was based on a finding of delinquent conduct is whether the record shows that the court abused its discretion in finding, by a preponderance of the evidence, a violation of a condition of probation. *See In the Matter of P.A.O.*, 530 S.W.2d 902, 904 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *In re Cockrell*, 493 S.W.2d 620, 626 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). A plea of true to a violation of probation and a stipulation to the evidence are analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence. *See J.L.*, 664 S.W.2d at 120, 121.

## Facts

■ It is uncontroverted that M.A.L. was found to be a child who engaged in delinquent conduct and that the court's original disposition order placed him on probation in the care of his mother. M.A.L. does not contest that his disposition order was modified several times, continuing him on probation and placing him at various locations outside his home. It is also uncontroverted that the disposition order placing M.A.L. on probation and the subsequent modifications were reasonable and lawful court orders. At the hearing on the State's Motion to Modify Disposition in August, 1998, M.A.L. pled true to several of the State's allegations of probation violations. Based upon the allegations to which M.A.L. pled true, the court found M.A.L. had violated a reasonable and lawful court order and modified his disposition to commit him to the Texas Youth Commission. Because of M.A.L.'s plea, the juvenile court was justified in finding by a preponderance of the evidence that M.A.L. violated a lawful court order. TEX. FAM. CODE ANN. § 54.05(f) (Vernon 1996). Having so found, the court was authorized to commit M.A.L. to the Texas Youth Commission. *Id.*

## CONCLUSION

The juvenile court did not abuse its discretion in modifying M.A.L.'s probation and in committing him to the Texas Youth Commission. Accordingly, the judgment of the juvenile court is affirmed.