TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00546-CV







In the Matter of B.N.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-18,019, HONORABLE JOHN DIETZ, JUDGE PRESIDING






 B.N., a juvenile, contends that the district court abused its discretion by committing
him to the Texas Youth Commission ("TYC"). We will affirm the disposition order.

 In October 1998, the court found B.N. had engaged in delinquent conduct--two
counts of aggravated sexual assault ([i] penetrating the anus of a child younger than fourteen years
old with his penis and [ii] causing the sexual organ of a child younger than fourteen years old to
contact B.N.'s mouth) and indecency with a child by contact (with intent to gratify his sexual desire,
knowingly and intentionally touching the genitals of a child younger than fourteen years old). See
Tex. Fam. Code Ann. § 51.03(a)(1) (West Supp. 2001) (delinquent conduct); Tex. Penal Code Ann.
§§ 21.11(a)(1) (indecency with child), 22.021(a)(1)(B)(i), (iii) (aggravated sexual assault) (West
Supp. 2001). B.N., born July 20, 1983, was fourteen at the time of the offenses. The court placed
him on probation in the custody of the Department of Protective and Regulatory Services until July
20, 2001, B.N.'s eighteenth birthday.

 In December 1998, the court modified the terms of his probation because he violated
the original order by being truant. The court continued him in the custody of DPRS, but specified
that the placement would commence at Pegasus, a residential treatment facility specializing in
therapy for sex offenders. The court ordered that he obey all staff at DPRS and Pegasus.

 In June 2000, the court found that he violated his probation by failing to obey Pegasus
staff as evidenced by his discharge from Pegasus without successfully completing its program. In
the order from which B.N. appeals, the court committed him to TYC.

 B.N. contends this disposition is an abuse of discretion because it rejects the
overwhelming evidence that funds were available to place B.N. in Woodside Trails residential
treatment facility in accordance with the recommendation of his probation officer and his managing
conservator, Child Protective Services ("CPS"). We review a challenge to the modification of a
disposition for an abuse of discretion. See In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.--Waco
1999, no pet.); In re Cockrell, 493 S.W.2d 620, 626 (Tex. Civ. App.--Amarillo 1973, writ ref'd
n.r.e.). "[A] disposition based on a finding that the child engaged in delinquent conduct may be
modified so as to commit the child to the Texas Youth Commission if the court after a hearing to
modify disposition finds by a preponderance of the evidence that the child violated a reasonable and
lawful order of the court." Tex. Fam. Code Ann. § 54.05(f) (West Supp. 2001). 

 In the previous disposition order, the court required B.N. to obey Pegasus staff as a
condition of his probation. Requiring B.N. to obey the staff at his residential treatment program is
a reasonable and lawful order. Undisputed evidence showed that (1) Pegasus school rules prohibit
residents from having sex with each other, (2) B.N. had sex with another resident, and (3) B.N. was
discharged at least in part for having sex with another resident. Although the sexual conduct
apparently precipitated his termination, Pegasus staff also testified that he was making unduly slow
progress in therapy. Because the record provides sufficient evidence that B.N. violated a reasonable
and lawful order of the court, the trial court did not abuse its discretion in modifying B.N.'s
disposition as it did.

 Even if we review the court's order under the standards for an original disposition,
as B.N. invites us to do, B.N. has not shown that the court abused its discretion in making the
placement. Under Family Code section 54.04, a court either placing a child on probation outside the
child's home or committing the child to TYC must include in its determination the following:


 (1) it is in the child's best interests to be placed outside the child's home;


 (2) reasonable efforts were made to prevent or eliminate the need for the child's
removal from the home and to make it possible for the child to return to the child's
home; and


 (3) the child, in the child's home, cannot be provided the quality of care and level of
support and supervision that the child needs to meet the conditions of probation.


Tex. Fam. Code Ann. § 54.04(i). Though not required to make these findings in a modification
order, the court nevertheless made them in the order appealed. B.N. does not assert that any of these
determinations are erroneous regarding B.N.'s familial home. Nor do we find any abuse of
discretion in such findings regarding his "home" in the custody of CPS. 

 B.N. points to testimony that another treatment facility was available for him; he
complains that the trial court erred by not placing him in this facility rather than TYC. His probation
officer, his CPS caseworker, and his court-appointed special advocate (CASA) all testified that they
believed B.N. would benefit from placement at Woodside Trails. Their testimony was supported by
a report from psychological examinations. They testified that the Pegasus program did not
adequately address all of B.N.'s psychological and educational needs. They also recommended
placement at Woodside Trails because of the great uncertainty whether B.N. could receive treatment
in TYC due to long waiting lists. 

 Their testimony was rebutted by testimony from Pegasus staff members that B.N.
made little progress at Pegasus, was likely to reoffend, and was unlikely to benefit from placement
in another residential program. The program at Pegasus, comprising four phases, usually takes a
total of between twelve and eighteen months to complete; after sixteen months of treatment, B.N.
was only on phase two and had violated the rule against having sex with fellow residents. A Pegasus
administrator testified that the TYC program might be helpful, if B.N. could get into it; he primarily
recommended placement in TYC to keep the community safe from B.N. There was some indication
that B.N. had done well in the more structured environment of the juvenile detention center.

 Evidence supports the court's additional findings that the attempt to place B.N. other
than in TYC had failed and that B.N. would be better served and society would be better protected
with B.N. in TYC. Finding no error, we affirm the court's order modifying disposition.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

Do Not Publish