NO. 12-01-00247-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE 145TH


IN THE MATTER OF J.H.,

§
 JUDICIAL DISTRICT COURT OF

A JUVENILE


§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 J.H. appeals from the trial court's order modifying a prior disposition and committing him
to the Texas Youth Commission (TYC). In his sole issue, Appellant contends the trial court erred
in determining that he should be placed in TYC. We affirm.

 J.H. was adjudicated as a child who engaged in delinquent conduct for committing the
offense of aggravated assault and was placed on probation. Less than a year later, he was detained
on new charges. The State moved to modify the earlier disposition due to several probation
violations. At the hearing on the motion, J.H. pleaded true to violating three terms of his probation
and stipulated to the evidence of those violations. The trial court found that J.H. violated the
conditions of his probation, modified its previous disposition, and ordered J.H. committed to TYC
for an indeterminate period not to exceed his twenty-first birthday.

 In his only issue, J.H. asserts that the trial court's original disposition should not have been
modified to include commitment to TYC. He contends that detention following his probation
violations intensified already existing emotional and psychological problems and asserts that being
in TYC will make those problems worse. Therefore, he argues, since commitment to TYC is not in
his best interest, some alternate placement would be more appropriate and beneficial to him.

 This case involves the modification of the order placing J.H. on probation. Such
modification proceedings are governed by section 54.05 of the Texas Family Code. See Tex. Fam.
Code Ann. § 54.05 (Vernon Supp. 2002). That section permits a trial court to modify a disposition
so as to commit the child to TYC if the court, after a hearing, finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court. Id. Juvenile courts are
vested with a great amount of discretion in determining the suitable disposition of children found
to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition. 
In re D.R.A., 47 S.W.3d 813, 815 (Tex. App.-Fort Worth 2001, no pet.). The controlling issue is
whether the record reveals that the trial court abused its discretion in finding, by a preponderance
of the evidence, that Appellant violated a condition of his probation. Id. A plea of true to a violation
of probation and a stipulation to the evidence are analogous to a judicial confession which justifies
the court's finding the violation was committed by a preponderance of the evidence. In re M.A.L.,
995 S.W.2d 322, 323 (Tex. App.-Waco 1999, no pet.). 

 J.H. pleaded true to violating three terms of his probation and stipulated to the evidence of
those three violations. His probation officer described generally some of the problems J.H. had
experienced, including at least one suicide attempt and attempts to run away. She stated that her
department had done all it could for him. Another witness from the probation department also
recommended TYC because J.H. has exhausted all of their other options. She stated that there is no
other suitable placement that would be in his best interest and that commitment to TYC would also
address the issues of the safety of the community and of J.H. himself. She explained that TYC
would perform a thorough assessment to determine his needs and place him appropriately. J.H.'s
counselor testified that J.H. has multiple learning disabilities and a mood instability problem stating
that J.H. is not stable enough to be maintained in an unsecured area.

 J.H.'s plea of true to the probation violations is sufficient to support the trial court's order
of commitment. In re M.A.L., 995 S.W.2d at 323. Furthermore, in its order, the trial court listed
its eleven reasons for committing J.H. to TYC. These reasons are centered on J.H.'s behavioral and
psychological problems and the need to provide a safe environment and treatment for him, both of
which TYC can provide. It is clear the trial court also made its decision to commit J.H. to TYC
based on uncontradicted evidence that such action would be in J.H.'s best interest. The trial court
did not abuse its discretion in ordering J.H. committed to TYC. We overrule J.H.'s sole issue.

 We affirm the trial court's judgment.




Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)