NO. 12-02-00095-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE 


IN THE MATTER OF C.S.,

§
 COUNTY COURT AT LAW #3

A JUVENILE


§
 SMITH COUNTY, TEXAS

 

 Appellant C.S., a juvenile, appeals the trial court's order committing him to the Texas Youth
Commission for an indeterminate period pursuant to section 54.04 of the Texas Family Code. C.S.
raises three issues on appeal. We reverse and remand.


Background

 On May 20, 2001, C.S. was arrested for the offense of unlawfully carrying a weapon. The
State filed its Original Petition on May 24, alleging that C.S. violated section 46.02 of the Texas
Penal Code by "intentionally, knowingly or recklessly carry[ing] on and about his person an illegal
weapon, to-wit: a gun; same being a Class A Misdemeanor if committed by an adult." On June 11,
C.S. pleaded "true" to the State's allegations and was placed on probation until August 14, the date
he turned 18 years old. As part of his probation, C.S. was required to (1) reside in the home of his
parents, (2) obey their rules and regulations, (3) remain in his parents' company unless he received
permission to leave, and (4) remain in his parents' home from 9:00 p.m. to 6:00 a.m. Sunday through
Thursday and 10:00 p.m. and 6:00 a.m. Friday through Saturday, unless his parents were given
permission by C.S.'s probation officer for him to do otherwise or unless he was with his parents
during those hours. 

 On November 15, the trial court issued an arrest warrant for C.S. The trial court based the
arrest warrant on the affidavit of his probation officer, Gala Parker, which stated that on Monday,
November 12, C.S.'s mother reported to the Smith County Probation Department that although C.S.
was at home at the time she was making the call, he had not been at their home at any time during
the previous weekend. Parker's affidavit also states that after C.S.'s mother reported the violation,
she told Parker that C.S. had left the home and that she had not seen C.S. since he left.

 On January 28, 2002, the State filed its "Petition to Modify Disposition" seeking to modify
the trial court's order placing C.S. on probation. The State alleged that C.S. violated the terms of
his probation the weekend prior to November 12, 2001 by not (1) residing in the home of his parents,
(2) remaining in the company of his parents, and (3) remaining in the home of his parents during
curfew hours.

 On February 25, 2002, the trial court heard the State's petition to modify the trial court's
order of probation. After the hearing, the trial court signed an order modifying its previous
disposition of C.S.'s case and committing C.S. to the Texas Youth Commission ("TYC") for an
indeterminate period. On appeal, C.S. argues that (1) the evidence presented at the hearing was
legally and factually insufficient to sustain the trial court's modification of C.S.'s disposition and
(2) the trial court abused its discretion in committing him to TYC because the record is devoid of
any evidence or allegations of prior offenses as required by section 54.05 of the Texas Family Code. (1) 
 We first note that the record indicates that C.S. raises his argument for the first time on
appeal. Although juvenile matters are civil proceedings, they are quasi-criminal in nature; therefore,
they receive different consideration with regard to issue preservation. See In the Matter of A.I., 82
S.W.3d 377, 379 (Tex. App.-Austin 2002, pet. denied); In re Q.D.M., 45 S.W.3d 797, 799 (Tex.
App.-Beaumont 2001, pet. denied). A criminal sentence unauthorized by law is void, and a defect
that renders a sentence void may be raised at any time. Id. Accordingly, we will consider C.S.'s
argument.


Trial Court's Authority to Commit A Juvenile to the Texas Youth Commission

 Juvenile courts have broad discretion when determining the suitable disposition of children
who have engaged in delinquent conduct. In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.-Waco
1999, no pet.). We review a juvenile court's decision to see whether the court acted in an
unreasonable or arbitrary manner. In re C.L., 874 S.W.2d 880, 886 (Tex. App.-Austin 1994, no
writ). 

 Section 54.04 of the Texas Family Code sets forth the parameters a trial court must follow
when committing a juvenile to TYC. After a juvenile is adjudicated delinquent, a separate
disposition hearing must be held after the adjudication hearing. Tex. Fam. Code Ann. § 54.04(a)
(Vernon 2002). If the trial court finds that a child has engaged in misdemeanor delinquent conduct
and a disposition is required, a juvenile court may commit the child to TYC without a determinate
sentence if:


 (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of
the grade of misdemeanor on at least two previous occasions; 

 (2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred
after the date of another previous adjudication; and

 (3) the conduct that is the basis of the current adjudication occurred after the date of at least two
previous adjudications.


 

Tex. Fam. Code Ann. § 54.04(d)(2), (s).

 A trial court may also modify a disposition based on an adjudication for misdemeanor
delinquent conduct so as to commit the juvenile to TYC if:


 (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of
the grade of felony on at least one previous occasion; and

 (2) the conduct that is the basis of the current adjudication occurred after the date of that previous
adjudication. 



Tex. Fam. Code Ann. § 54.04(d)(2), (t). 

 Further, a juvenile court may modify a disposition based on an adjudication for misdemeanor
conduct so as to commit the juvenile to TYC if the court finds that the child has violated a
reasonable and lawful order of the court and:


 (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of
the grade of felony or misdemeanor on at least two previous occasions; and

 (2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred
after the date of another previous adjudication.



Tex. Fam. Code Ann. § 54.05(f), (k).

 Courts analyzing sections 54.04 and 54.05 have held that a disposition of an adjudication
based upon misdemeanor delinquent conduct may not be modified to commit a juvenile to TYC
unless the child has been adjudicated at least two times prior to the immediate disposition the State
is seeking to modify. See In the Matter of A.I., 82 S.W.3d at 380-81; In the Matter of A.N., 54
S.W.3d 487, 493 (Tex. App.-Fort Worth 2001, pet. denied). In the instant case, the record
demonstrates that C.S.'s only prior adjudication was for the May 20, 2001 offense of unlawfully
carrying a weapon. Based on our review of the record, C.S. did not have the requisite two prior
adjudications that would authorize his commitment to TYC. Therefore, the trial court erred in
modifying C.S.'s disposition to commit him to TYC. Because this issue is dispositive, we need not
address the legal and factual sufficiency of the evidence to sustain the trial court's modification of
C.S.'s disposition.

 The judgment of the trial court is reversed and remanded for a new hearing on the State's
motion to modify.




 JIM WORTHEN 

 Justice



Opinion delivered December 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)


1. The State did not file an Appellee's brief in this case.