MEMORANDUM OPINION



No. 04-07-00694-CV



IN THE MATTER OF K.M.P.





From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2005-JUV-00866


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: May 7, 2008


AFFIRMED

 K.M.P. appeals the juvenile court's order modifying a prior disposition and committing her
to the Texas Youth Commission (TYC). In her sole issue, K.M.P. argues the juvenile court abused
its discretion by committing her to the TYC instead of continuing her probation. We affirm the
juvenile court's judgment.Factual and Procedural Background

 On April 26, 2005, K.M.P. pled true to burglary of a building with intent to commit theft, and
the juvenile court assessed 12 months of juvenile probation, in the custody of her mother. Since her
initial disposition, the juvenile court has extended or modified the conditions of K.M.P.'s probation
on three prior occasions because of violations of the conditions of her probation. At each of the three
prior modification hearings, K.M.P. pled true to the alleged violations. The first modification
extended the period of K.M.P.'s probation with additional conditions because K.M.P. failed to report
to the probation officer, left her home without permission, and violated curfew requirements. The
second modification changed the conditions of K.M.P.'s probation because she used illegal drugs,
possessed drug paraphernalia, consumed alcohol, associated with gang members and a person on
probation or parole, failed to attend school, violated school rules, and failed to cooperate with the
ISP (intensive supervision probation) and ELM (electronic monitoring) programs. The third
modification extended K.M.P.'s probation by eighteen months and placed K.M.P. in the custody of
the Chief Juvenile Probation Officer for placement outside of her home because K.M.P. failed to
attend school and follow school rules, and failed to cooperate with the ISP and ELM programs.

 At the hearing on the State's fourth motion to modify, which is the subject of this appeal,
K.M.P. pled true to the allegations that she used illegal drugs, possessed drug paraphernalia,
consumed alcohol, and failed to attend school for 34 school days within the months of January,
February, and March of 2007. Consequently, the juvenile court modified K.M.P.'s order of
disposition and committed her to TYC. 

 Discussion 


 Juvenile courts have broad discretion in determining a suitable disposition for a child
adjudicated of engaging in delinquent conduct. In re K.J.N., 103 S.W.3d 465, 465-66 (Tex. App.--
San Antonio 2003, no pet.). Absent an abuse of discretion, a reviewing court will not disturb the
juvenile court's determination. In re J.P., 136 S.W.3d 629, 633 (Tex. 2004); In re K.J.N., 103
S.W.3d at 465-66. A juvenile court commits an abuse of discretion only if it acts arbitrarily,
unreasonably, or without reference to guiding rules and principles. In re K.J.N., 103 S.W.3d at 466.

 If a juvenile is adjudicated for commission of a felony, the juvenile court may modify the
original sentence to commit the juvenile to the TYC if the court finds by a preponderance of the
evidence that the juvenile has violated a reasonable and lawful order of the court. Tex. Fam. Code
Ann. § 54.05(f) (Vernon Supp. 2007). K.M.P. was adjudicated for commission of a felony on April
26, 2005. Although the juvenile court extended and modified K.M.P.'s probation on three prior
occasions, the juvenile court decided to commit K.M.P. to TYC in response to the fourth motion to
modify based on the required statutory findings that: (1) it is in the juvenile's best interest to place
her outside the home; (2) the court has made reasonable efforts to prevent or eliminate the need for
the juvenile's removal; and (3) the juvenile's home cannot provide the quality of care, and level of
support and supervision necessary for the juvenile to meet the requirements of her probation. See
Tex. Fam. Code Ann. § 54.05(m) (Vernon Supp. 2007). 

 K.M.P. argues that she should have been given another chance on probation because: (1) 
she is on track to graduate from high school; (2) she wants to join the United States Marine Corps;
and (3) she has recently undergone profound changes in her attitude. At the hearing on her fourth
motion to modify, however, K.M.P. pled true and stipulated to the allegations that she used illegal
drugs, possessed drug paraphernalia, consumed alcohol, and failed to attend school. A plea of "true"
to a violation of a probation order and a stipulation to the evidence are analogous to a judicial
confession which justifies the juvenile court's finding that the violation was committed by a
preponderance of the evidence. See In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.--Waco 1999,
no pet.). Because the evidence was sufficient to support the juvenile court's finding that K.M.P.
violated a reasonable and lawful order of the court, the juvenile court was authorized to modify its
previous disposition order and commit K.M.P. to TYC. Tex. Fam. Code Ann. § 54.05(f) (Vernon
Supp. 2007). Given the numerous opportunities K.M.P. has been given and the nature of the
violation being considered by the juvenile court, the juvenile court did not abuse its discretion in
committing K.M.P. to TYC. We overrule K.M.P.'s sole issue on appeal and affirm the juvenile
court's judgment.


 Catherine Stone, Justice