In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00188-CR


______________________________




TOMMIE LOYD PRATER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


 Fannin County, Texas


Trial Court No. 21976 




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Tommie Loyd Prater appeals from his conviction by a jury for sexual assault of a child with
A.C.P. The jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. 
Prater presently has seven other convictions currently on appeal before this Court. (1)

 On appeal, Prater contends the trial court erred in allowing the introduction of hearsay
statements through the testimony of Judith Hart, a nurse who examined A.C.P. during her initial
hospital visit. Prater argues that her testimony and records were inadmissible because they were
hearsay, not made admissible under a medical exception, and that the outcry exception did not apply
because Hart was not the outcry witness.

 We addressed this issue in detail in our opinion of this date on Prater's appeal in cause
number 06-07-00187-CR. For the reasons stated therein, we likewise conclude error has not been
shown.



 We affirm the judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 8, 2008

Date Decided: September 15, 2008 


Do Not Publish




1. Prater appeals from eight convictions. In cause number 06-07-00187-CR, he appeals from
his conviction of indecency with a child (A.C.P.) by sexual contact; in cause numbers 06-07-00188-CR through 06-07-00192-CR, he appeals his convictions of sexual assault of a child (A.C.P.). In
each of these cases, Prater was sentenced to twenty years' imprisonment, to run consecutively, and
$10,000.00 fines.

 Prater appeals his conviction in cause number 06-07-00193-CR of indecency with a child
(J.A.P.) by sexual contact. Prater was sentenced in this case to twenty years' imprisonment, to run
consecutively, and a $10,000.00 fine.

 Prater also appeals his conviction in cause number 06-07-00194-CR of aggravated sexual
assault of a child (T.L.P.). He was sentenced to life imprisonment, to run consecutively, and a
$10,000.00 fine.


AN>


6) The Probationer . . . failed to restrain from use of alcoholic beverages,
narcotic and or illegal drugs . . . in violation of condition (2);


 . . . .


8) The Probationer . . . failed to restrain from possessing a firearm or
deadly weapon or instrument, that can be used to inflict bodily injury
in that on or about the 27th day of May, 2000, [T.R.S.] used a pellet
gun to shoot the window of a 1992 chevy pickup owned by Marvin
Blackwell, in violation of condition (4);


9) The Probationer . . . failed to faithfully attend school each school day
during the school year . . . in violation of condition (10). 


 The trial court's modification of a juvenile disposition is reviewed under an abuse of
discretion standard. See In re D.S.S., 72 S.W.3d 725, 727 (Tex. App.-Waco 2002, no
pet.); In re H.G., 993 S.W.2d 211, 213 (Tex. App.-San Antonio 1999, no pet.); In re J.L.,
664 S.W.2d 119, 120 (Tex. App.-Corpus Christi 1983, no writ). In a probation revocation
hearing, the decision whether to revoke rests within the discretion of the trial court. Wester
v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). This discretion is not absolute. 
Scamardo v. State, 517 S.W.2d 293, 297 (Tex. Crim. App. 1974). The trial court is not
authorized to revoke probation without a showing that the probationer has violated a
condition of the probation imposed by the court. DeGay v. State, 741 S.W.2d 445, 449
(Tex. Crim. App. 1987). The burden of proof in a probation revocation hearing is by a
preponderance of the evidence. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984).

 The state's burden of proof on a motion to revoke probation is lower than the burden
of proof necessary for criminal conviction. The state need only prove by a preponderance
of the evidence that the terms of probation were violated. Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993); Cardona, 665 S.W.2d at 493. "Preponderance of the
evidence" has been defined as the greater weight and degree of credible testimony. 
Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935); Allen v. State, 786 S.W.2d 738,
741 (Tex. App.-Fort Worth 1989) (op. on reh'g), pet. dism'd, 841 S.W.2d 7 (Tex. Crim.
App. 1992); Hill v. State, 721 S.W.2d 953, 954-55 (Tex. App.-Tyler 1986, no pet.); 
Davenport v. Cabell's, Inc., 239 S.W.2d 833, 835 (Tex. Civ. App.-Texarkana 1951, no
writ). It follows that the state is required to establish guilt by the greater weight and degree
of credible testimony. 

 This standard is met when the greater weight of the credible evidence creates a
reasonable belief the defendant violated a condition of his or her probation as the state
alleged. Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981);
Allbright v. State, 13 S.W.3d 817, 819 (Tex. App.-Fort Worth 2000, pet. ref'd). In a
probation revocation hearing, the trial court is the sole trier of fact. Jones v. State, 787
S.W.2d 96, 97 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). The trial court also
determines the credibility of the witnesses and the weight to be given their testimony. Id. 
It may accept or reject any or all of the witnesses' testimony. Mattias v. State, 731 S.W.2d
936, 940 (Tex. Crim. App. 1987). Therefore, we will examine the evidence in the light most
favorable to the trial court's order revoking probation. See Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983). Any other type of review would effectively attenuate the
trial court's discretion. 

 When the state's proof of any of the alleged violations of probation is sufficient to
support a revocation of probation, the revocation should be affirmed. Stevens v. State, 900
S.W.2d 348, 351 (Tex. App.-Texarkana 1995, pet. ref'd). Therefore, we only need to find
one allegation where the State proved by a preponderance of the evidence that the terms
of probation were violated. Examined in the light most favorable to the trial court's order
revoking probation, all of the allegations found true by the trial court that T.R.S. violated
his probation were proven by the greater weight of the credible evidence. Since we only
need to find one sufficient allegation, we will only discuss one.

 Allegation nine alleged T.R.S. failed to faithfully attend school each school day
during the school year, in violation of condition ten of his probation. At the hearing on this
matter, the assistant principal at Gilmer Junior High testified T.R.S. was absent from school
a number of days in January, February, March, April, and all of May 2001. These
allegations were not controverted, nor was error as to this allegation contended by T.R.S.
on appeal. 

 We, therefore, find no error and affirm the judgment. 


 Donald R. Ross

 Justice


Date Submitted: March 17, 2003

Date Decided: September 5, 2003