47 S.W.3d 813 (2001)
In the Matter of D.R.A.
Nos. 2-00-415-CV, 2-00-416-CV.
Court of Appeals of Texas, Fort Worth.
May 31, 2001.
Robert Ford, Fort Worth, Attorney for Appellant.
Don Schnebly, District Attorney; Edward D. Lewallen, Ass't District Attorney, Weatherford, Attorney for Appellee.
*814 PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

OPINION
DAUPHINOT, Justice.
Appellant D.R.A. appeals from the trial court's orders modifying his prior dispositions and committing him to the Texas Youth Commission (TYC) for an indeterminate period of time. In a single point, Appellant contends that the trial court abused its discretion in committing him to TYC. We affirm.
On September 22, 1998, the trial court found that Appellant had engaged in delinquent conduct by committing the offense of indecency with a child and placed him on probation for two years. On July 20, 1999, Appellant was again adjudged to have engaged in delinquent conduct by committing the offense of aggravated sexual assault of a child, and the trial court placed him on two years' probation. The State subsequently filed petitions to modify disposition in both cases on August 28, 2000, alleging Appellant violated several conditions of his probation and requesting that he be committed to TYC for a period not to exceed his twenty-first birthday.
A hearing was held on both petitions on September 21, 2000, at which time Appellant entered pleas of true to two of the alleged probation violations in each petition. Appellant also signed stipulations of evidence in both cases, admitting the alleged violations. The trial court accepted Appellant's pleas of true and stipulations and found that Appellant had violated the conditions of his probation as alleged by the State. During the "disposition" phase of the modification hearing, Randy Lambert, Appellant's supervising probation officer, testified that it was his recommendation that Appellant be placed in TYC due to the seriousness of his past offenses and his failure to sufficiently progress in his treatment program and because he posed a high risk of re-offense. At the conclusion of the hearing, the trial court entered its orders modifying the disposition in both cases, finding that Appellant violated a reasonable and lawful order of the court, and committing him to TYC for an indeterminate period.
In his sole point on appeal, Appellant argues that the trial court abused its discretion by committing him to TYC. Specifically, Appellant insists that the trial court did not properly make the determinations required by section 54.04(i) of the family code before committing him to TYC. That section provides, in relevant part, as follows:
(i) If the court ... commits the child to the Texas Youth Commission, the court shall include in its order its determination that:
(1) it is in the child's best interests to be placed outside the child's home;
(2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
(3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.[1]
In its orders modifying disposition, the trial court specifically found the existence of each of these three conditions for commitment to TYC. Such a finding is not, however, a prerequisite to TYC commitment upon modification of a prior disposition.[2] *815 Section 54.04 of the family code applies to an original disposition hearing. Here, Appellant was before the court on the State's petitions to modify his prior dispositions. Such modification proceedings are governed by section 54.05 of the family code.[3] That section permits a trial court to modify a disposition so as to commit the child to TYC if the court, after a hearing, finds by a preponderance of the evidence that "the child violated a reasonable and lawful order of the court."[4] Accordingly, the standards set forth in section 54.04(i) are not determinative of the trial court's authority to modify a juvenile disposition and to order commitment to TYC. The relevant inquiry is whether the child violated a reasonable and lawful order of the court.[5]
Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition.[6] The controlling issue, therefore, is whether the record reveals that the trial court abused its discretion in finding, by a preponderance of the evidence, that Appellant violated a condition of his probation.[7] Appellant does not challenge the sufficiency of the evidence to support the trial court's finding that he violated the conditions of his probation, nor does he contend that the court's orders, placing him on probation and setting the terms and conditions of his probation, were not "reasonable and lawful." Consequently, the trial court acted well within its discretion in committing Appellant to TYC for an indeterminate period. We therefore overrule Appellant's sole point.
Having overruled Appellant's only point on appeal, we affirm the trial court's orders in both causes.
NOTES
[1] TEX. FAM.CODE ANN. § 54.04(i) (Vernon Supp. 2001).
[2] In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.-Waco 1999, no pet.); In re H.G., 993 S.W.2d 211, 214 (Tex.App.-San Antonio 1999, no pet.).
[3] TEX. FAM.CODE ANN. § 54.05 (Vernon Supp. 2001); H.G., 993 S.W.2d at 214.
[4] TEX. FAM.CODE ANN. § 54.05(f).
[5] H.G., 993 S.W.2d at 214.
[6] In re J.M., 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.); M.A.L., 995 S.W.2d at 324; In re J.L., 664 S.W.2d 119, 120 (Tex.App.-Corpus Christi 1983, no writ).
[7] M.A.L., 995 S.W.2d at 324.