COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-148-CV
 
IN THE MATTER OF J.P.
------------
FROM COUNTY COURT OF HOOD
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant J.P., a juvenile, appeals from the trial court's order modifying
his prior disposition and committing him to the Texas Youth Commission ("TYC")
for an indeterminate period of time. In two points, Appellant contends that the
trial court's order modifying his disposition was invalid and that the evidence
at the modification hearing was factually insufficient to support the trial
court's order. We affirm.
On February 8, 2002, the trial court found
that eleven-year-old Appellant had engaged in delinquent conduct by assaulting
his teacher and making a terroristic threat to her, and by brandishing a small
pocketknife at his mother. The juvenile court placed Appellant on one year's
probation in his parents' home. Because of Appellant's continuing misconduct,
the State filed a motion to modify disposition on February 15, 2002. The parties
disposed of the motion on February 25, 2002 by agreeing to place Appellant in
Hood County Regional Detention Center's ("HCRDC") post- adjudication
program for six months.
On April 15, 2002, the State filed another
motion to modify disposition, alleging that Appellant had violated his probation
by failing to complete HCRDC's post-adjudication program. The State alleged that
HCRDC had terminated Appellant's participation in the program because Appellant
violated the program requirements on multiple occasions and requested that the
trial court commit him to the TYC.
The trial court held a hearing on the
motion to modify on April 22, 2002. At the hearing, Appellant entered a plea of
true to his alleged failure to complete the program and admitted some of the
State's other allegations. The trial court, sitting without a jury, determined
that Appellant had violated the terms of his probation as alleged by the State
and ordered him committed to the TYC.
In his first issue, Appellant complains
that the trial court's order modifying his disposition and committing him to the
TYC is invalid because it does not contain the determination required by family
code section 54.04(i)(1)(C). (2)
Appellant's complaint is without merit
because section 54.04(i)(1)(C) governs original disposition proceedings, not
hearings to modify disposition. See In re D.R.A., 47 S.W.3d 813, 815
(Tex. App.--Fort Worth 2001, no pet.). Here, Appellant was before the court on
the State's motion to modify his prior disposition. Modification proceedings are
governed by section 54.05 of the family code. Id. In particular,
section 54.05(i) requires a trial court to specifically state in its order its
reasons for the child's disposition and to furnish a copy of the order to the
child. See Tex. Fam. Code Ann. § 54.05(i). Here, the court's order
complied with section 54.05(i). Accordingly, we overrule Appellant's first
issue.
In his second issue, Appellant complains
that the evidence adduced at the disposition hearing was factually insufficient
as to the required elements under section 54.04(i). As discussed above, the
proper section governing modification proceedings is section 54.05. See Tex.
Fam. Code Ann. § 54.05; In re D.R.A., 47 S.W.3d at 815. More
specifically, section 54.05(f) applies here. Under that section, if a child
received a disposition based on delinquent conduct in the nature of a felony or
misdemeanor, as Appellant did in this case, then the trial court may modify the
child's prior disposition and commit the child to the TYC if, after a hearing to
modify disposition, it finds by a preponderance of the evidence that the child
violated a reasonable and lawful court order. See Tex. Fam. Code Ann.
§ 54.05(f).
Juvenile courts have broad power and
discretion in determining the suitable disposition of children found to have
engaged in delinquent conduct, and this is especially so in hearings to modify
disposition. In re D.R.A., 47 S.W.3d at 815; In re J.M., 25
S.W.3d 364, 367 (Tex. App.--Fort Worth 2000, no pet.). Here, we look at the
record to see if the trial court abused its discretion in finding by a
preponderance of the evidence that Appellant did not complete his probation at
the post-adjudication program. From our review, we conclude that the trial court
did not abuse its discretion, and we overrule Appellant's second issue.
We affirm the trial court's order.
 
PER
CURIAM
 
PANEL B: HOLMAN, GARDNER and WALKER, JJ.
[DELIVERED JANUARY 23, 2003]

1. See Tex. R.
App. P. 47.4.
2. This section reads as follows:

 (i) If the court places the child on
 probation outside the child's home or commits the child to the Texas Youth
 Commission, the court:
 
 (1) shall include in its order its
 determination that:
 
 . . . .
 (C) the child, in the child's home,
 cannot be provided the quality of care and level of support and
 supervision that the child needs to meet the conditions of probation.
 
 

Tex. Fam. Code Ann. § 54.04(i)(1)(C)
(Vernon 2002).