MATTER OF J.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-148-CV

IN THE MATTER OF J.P. 

------------

FROM COUNTY COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant J.P., a juvenile, appeals from the trial court’s order modifying his prior disposition and committing him to the Texas Youth Commission (“TYC”) for an indeterminate period of time.  In two points, Appellant contends that the trial court’s order modifying his disposition was invalid and that the evidence at the modification hearing was factually insufficient to support the trial court’s order.  We affirm.

On February 8, 2002
, the trial court found that eleven-year-old Appellant had engaged in delinquent conduct by assaulting his teacher and making a terroristic threat to her, and by brandishing a small pocketknife at his mother.  The juvenile court placed Appellant on one year’s probation in his parents’ home.  Because of Appellant’s continuing misconduct, the State filed a motion to modify disposition on February 15, 2002.  The parties disposed of the motion on February 25, 2002 by agreeing to place Appellant in Hood County Regional Detention Center’s (“HCRDC”) post- adjudication program for six months.

On April 15, 2002, the State filed another motion to modify disposition, alleging that Appellant had violated his probation by failing to complete HCRDC’s post-adjudication program.  The State alleged that HCRDC had terminated Appellant’s participation in the program because Appellant violated the program requirements on multiple occasions and requested that the trial court commit him to the TYC.

The trial court held a hearing on the motion to modify on April 22, 2002.  At the hearing, Appellant entered a plea of true to his alleged failure to complete the program and admitted some of the State’s other allegations.  The trial court, sitting without a jury, determined that Appellant had violated the terms of his probation as alleged by the State and ordered him committed to the TYC.

In his first issue, Appellant complains that the trial court’s order modifying his disposition and committing him to the TYC is invalid because it does not contain the determination required by family code section 54.04(i)(1)(C).
(footnote: 2)  Appellant’s complaint is without merit because section 54.04(i)(1)(C) governs original disposition proceedings, not hearings to modify disposition. 
 See In re D.R.A.,
 47 S.W.3d 813, 815 (Tex. App.—Fort Worth 2001, no pet.).  Here, Appellant was before the court on the State’s motion to modify his prior disposition.  Modification proceedings are governed by section 54.05 of the family code.  
Id. 
 In particular, section 54.05(i) requires a trial court to specifically state in its order its reasons for the child’s disposition and to furnish a copy of the order to the child.  
See
 
Tex. Fam. Code Ann.
 § 54.05(i).  Here, the court’s order complied with section 54.05(i).  Accordingly, we overrule Appellant’s first issue.

In his second issue, Appellant complains that the evidence adduced at the disposition hearing was factually insufficient as to the required elements under section 54.04(i).  As discussed above, the proper section governing modification proceedings is section 54.05.  
See 
Tex. Fam. Code Ann. 
§ 54.05; 
In re D.R.A.,
 47 S.W.3d at 815.  More specifically, section 54.05(f) applies here.  Under that section, if a child received a disposition based on delinquent conduct in the nature of a felony or misdemeanor, as Appellant did in this case, then the trial court may modify the child’s prior disposition and commit the child to the TYC if, after a hearing to modify disposition, it finds by a preponderance of the evidence that the child violated a reasonable and lawful court order.  
See 
Tex. Fam. Code Ann.
 § 54.05(f).  

Juvenile courts have broad power and discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition. 
In re D.R.A., 
47 S.W.3d at 815;
 In re J.M., 
25 S.W.3d 364, 367 (Tex. App.—Fort Worth 2000, no pet.).  Here, we look at the record to see if the trial court abused its discretion in finding by a preponderance of the evidence that Appellant did not complete his probation at the post-adjudication program.  From our review, we conclude that the trial court did not abuse its discretion, and we overrule Appellant’s second issue.

We affirm the trial court’s order.

PER CURIAM

PANEL B: HOLMAN, GARDNER and WALKER, JJ.

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
This section reads as follows:

(i) If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court:

(1) shall include in its order its determination that:

. . . .

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Tex. Fam. Code Ann.
 § 54.04(i)(1)(C)
 (Vernon 2002).