COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-055-CV
 
  
IN THE MATTER OF A.C.R.
 
 
------------
 
FROM THE 30TH 
DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
------------
        On 
April 25, 2001, appellant A.C.R., Jr. was adjudicated delinquent for third 
degree felony theft and placed on probation. See Tex. Penal Code Ann. § 31.03(e)(5) (Vernon Supp. 2004). 
On February 6, 2003, the State filed an amended petition to modify and extend 
disposition, alleging appellant had violated various terms of his probation. At 
the hearing on the petition to modify, appellant pleaded true to having violated 
four conditions of his probation. After receiving evidence, the juvenile court 
revoked appellant’s probation and committed him to the Texas Youth Commission 
on February 19, 2003. We affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion pursuant to Anders v. California, 386 
U.S. 738, 87 S. Ct. 1396 (1967). In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. The Supreme Court of Texas has 
held that the Anders procedure applies to juvenile proceedings. In re 
D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding).
        Counsel’s 
brief and motion meet the requirements of Anders v. California by 
presenting a professional evaluation of the record demonstrating why there are 
no arguable grounds for relief. Once appellant’s court-appointed counsel files 
a motion to withdraw on the ground that the appeal is frivolous and fulfills the 
requirements of Anders, this court is obligated to undertake an 
independent examination of the record and to essentially re-brief the case for 
appellant to see if there is any arguable ground that may be raised on 
appellant’s behalf. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. 
App. 1991). This court provided appellant the opportunity to file a pro se 
brief, and neither has done so.
        Our 
review of the record reveals no jurisdictional defects. The juvenile court has 
jurisdiction over a child who is alleged to have engaged in delinquent conduct. See 
Tex. Fam. Code Ann. § 51.04(a) (Vernon 2002). Appellant 
stated that he was seventeen years old. See id. § 51.02(2)(a) (stating a 
“child” is a person who is between ten and seventeen years of age). The 
petition to modify disposition provided sufficient notice to appellant of the 
allegations against him. See id. § 54.05(d) (Vernon Supp. 2004); cf. § 
53.04(d) (setting forth requirements of petition for adjudication or transfer 
to criminal court).
        The 
record reveals that the court properly admonished appellant before the hearing 
on the petition to modify. See Tex. 
Fam. Code Ann. § 54.03(b) (setting forth 
admonishment requirements at adjudication hearing for juvenile offenders); see 
also id. § 54.05(c) (stating there is no right to jury at a hearing to 
modify disposition). Appellant indicated that he understood the charges against 
him and that he waived his rights. Appellant pleaded true to four of the 
allegations in the petition. Appellant’s pleas and his signed stipulation to 
the evidence where he confessed to failing to report to his probation officer on 
numerous occasions and to testing positive for drug use on two occasions were 
sufficient to support the trial court’s order to modify disposition. See 
id. § 54.05(f); In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.—Waco 
1999, no pet.) (stating plea of true to violation of probation and stipulation 
to evidence are analogous to judicial confession, justifying court's finding 
that violation was committed by preponderance of the evidence). The juvenile 
court’s modification order of probation also included the necessary findings 
for commitment with the TYC. See Tex. Fam. Code Ann. § 54.05(f), (i); see also In re 
D.R.A., 47 S.W.3d 813, 814-15 (Tex. App.—Fort Worth 2001, no pet.) 
(stating trial court not required to make findings required by section 54.04(i) 
in an order modifying disposition). Thus, the juvenile court did not abuse its 
discretion in committing appellant to the TYC.
        Appellant 
was committed to the TYC for an indeterminate period of time not to exceed his 
twenty-first birthday. See Tex. Hum. Res. Code Ann. § 61.084(e) (Vernon Supp. 2004). 
Appellant was three months short of his eighteenth birthday at the hearing on 
the petition to modify. The length of commitment does not exceed that permitted 
for a third degree felony. See Tex.  Penal Code Ann. § 12.34.
        Finally, 
there is no evidence in the record showing that appellant received ineffective 
assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 
687, 104 S. Ct. 2052, 2064 (1984). Although appellant stated at the hearing that 
he was dissatisfied with his appointed counsel and there is evidence that he 
attempted to retain counsel on his own, there is no evidence in the record that 
appellant ever filed a motion for substitution of counsel or that his appointed 
counsel did not provide constitutionally required effective assistance of 
counsel.
        Thus, 
after independently reviewing the record and determining that no reversible 
error exists, we grant counsel’s motion to withdraw and affirm the juvenile 
court’s judgment.
  
                                                          PER 
CURIAM
 
  
PANEL F:   SAM 
J. DAY, J. (Retired, Sitting by Assignment); LIVINGSTON and DAUPHINOT, JJ.
  
DELIVERED: November 26, 2003
  

   
NOTES
1. See Tex. R. App. P. 47.4.