IN THE MATTER OF A.C.R.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-055-CV

IN THE MATTER OF A.C.R. 

------------

FROM THE 30
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On April 25, 2001, appellant A.C.R., Jr. was adjudicated delinquent for third degree felony theft and placed on probation.  
See
 
Tex. Penal Code Ann. 
§ 31.03(e)(5) (Vernon Supp. 2004).  On February 6, 2003, the State filed an amended petition to modify and extend disposition, alleging appellant had violated various terms of his probation.  At the hearing on the petition to modify, appellant pleaded true to having violated four conditions of his probation.  After receiving evidence, the juvenile court revoked appellant’s probation and committed him to the Texas Youth Commission on February 19, 2003.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion pursuant to 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  The Supreme Court of Texas has held that the 
Anders
 procedure applies to juvenile proceedings. 
 In re D.A.S.
, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding).  

Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  This court provided appellant the opportunity to file a pro se brief, and neither has done so. 

Our review of the record reveals no jurisdictional defects.  The juvenile court has jurisdiction over a child who is alleged to have engaged in delinquent conduct.  
See
 Tex. Fam. Code Ann.
 § 51.04(a) (Vernon 2002).  Appellant stated that he was seventeen years old.  
See id.
 § 51.02(2)(a) (stating a “child” is a person who is between ten and seventeen years of age).  The petition to modify disposition provided sufficient notice to appellant of the allegations against him.  
See id.
 § 54.05(d) (Vernon Supp. 2004); 
cf. 
§ 
53.04(d) (setting forth requirements of 
petition for adjudication or transfer
 to criminal court).

The record reveals that the court properly admonished appellant before the hearing on the petition to modify.  
See
 
Tex. Fam. Code Ann. 
§ 54.03(b) (setting forth admonishment requirements at adjudication hearing for juvenile offenders); 
see also id. 
§ 54.05(c) (stating there is no right to jury at a hearing to modify disposition).  Appellant indicated that he understood the charges against him and that he waived his rights.  Appellant pleaded true to four of the allegations in the petition.  Appellant’s pleas and his signed stipulation to the evidence where he confessed to failing to report to his probation officer on numerous occasions and to testing positive for drug use on two occasions were sufficient to support the trial court’s order to modify disposition.
  See id.
 § 54.05(f);
 In re M.A.L.
, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.) (stating plea of true to violation of probation and stipulation to evidence are analogous to judicial confession, justifying court's finding that violation was committed by preponderance of the evidence).  The juvenile court’s modification order of probation also included the necessary findings for commitment with the TYC.  
See 
Tex. Fam. Code Ann.
 § 54.05(f), (i); 
see also In re D.R.A.
, 47 S.W.3d 813, 814-15 (Tex. App.—Fort Worth 2001, no pet.) (stating trial court not required to make findings required by section 54.04(i) in an order modifying disposition).  Thus, the juvenile court did not abuse its discretion in committing appellant to the TYC. 

Appellant was committed to the TYC for an indeterminate period of time not to exceed his twenty-first birthday.  
See
 
Tex. Hum. Res. Code Ann. 
§ 61.084(e) (Vernon Supp. 2004).  Appellant was three months short of his eighteenth birthday at the hearing on the petition to modify.  The length of commitment does not exceed that permitted for a third degree felony.  
See 
Tex. Penal Code Ann. 
§ 12.34.

Finally, there is no evidence in the record showing that appellant received ineffective assistance of counsel.  
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
.  Although appellant stated at the hearing that he was 
dissatisfied with his appointed counsel and there is evidence that he attempted to retain counsel on his own, there is no evidence in the record that appellant ever filed a motion for substitution of counsel or that his appointed counsel did not provide constitutionally required effective assistance of counsel.  

Thus, after independently reviewing the record and determining that no reversible error exists, we grant counsel’s motion to withdraw and affirm the juvenile court’s judgment.

PER CURIAM

PANEL F: SAM J. DAY, J. (Retired, Sitting by Assignment); LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  November 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.