COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-167-CV

 

 

IN THE MATTER OF D.G.

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant D.G. appeals from
the juvenile court=s
disposition order, committing him to the care, custody, and control of the
Texas Youth Commission (TYC) for an indeterminate period of time, not to exceed
the time when he reaches age twenty-one or until discharged in compliance with
chapter 61 of the human resources code. 
In a single issue on appeal, Appellant contends that the evidence is
legally and factually insufficient to show that the disposition is in
compliance with Texas Family Code section 54.04(i)(1).  We affirm.

FACTUAL BACKGROUND

On June 7, 2004, Appellant
was placed on probation for the offense of possession of marijuana under two
ounces in a drug-free zone.  Then, on
December 3, 2004, Appellant was placed on probation for committing the offenses
of graffiti and possession of marijuana under two ounces in a drug-free zone.

On February 15, 2005, the
State filed a motion to modify disposition, alleging that on February 4, 2005,
Appellant had violated health and safety code section 481.121 by possessing a
usable quantity of marijuana of less than but equal to two ounces and on
February 5, 2005, Appellant possessed marijuana.  After a hearing on February 24, 2005, the
trial court determined that Appellant had violated the reasonable and lawful
terms and conditions of his probation by possessing marijuana, as alleged in
the motion to modify disposition, but concluded that it was not in Appellant=s best interest to revoke his probation.  Instead, the trial court ordered his
probation to be extended.








On February 28, 2005,
Appellant was charged with committing the offense of possession of marijuana
under two ounces.  The State then filed a
second motion to modify the disposition of Appellant=s case on April 4, 2005, alleging that he violated the terms and
conditions of his probation by testing positive for marijuana on or about March
23, 2005.  During the hearing on the
State=s motion to modify, Appellant stipulated that he had been put on
probation for committing certain offenses, that two terms of his probation
required that he not violate any penal laws or test positive for any illegal
substances, and that his probation was in full force and effect on March 23, 2005.  He also stipulated that he tested positive
for marijuana use on March 23, 2005. 

Appellant acknowledged that
he had been using marijuana for Aa while.@ While on
probation, he submitted to five urine analysis tests, four of which had tested
positive for THC, or tetrahydrocannabinol, which is the active ingredient in
marijuana.[2]  A psychological evaluation of Appellant
revealed that he had intellectual difficulties, poor behavioral control, and a
history of mild antisocial behavior. 
Appellant=s probation
officer testified that he would benefit from a more structured environment than
he received at home. 








Appellant=s mother testified that he has not caused her any problems at home and
that she wanted Appellant to remain at home with her.  She testified that she was looking for a
place where she could get him some help. 
Appellant testified that he did not want to go to TYC. 

After the modification
hearing, the court found that Appellant had 
violated the reasonable and lawful terms of his probation when he tested
positive for marijuana on March 23, 2005. 
In its order of commitment, the court also found that Appellant had
violated penal code section 28.08 by committing the felony of graffiti.  The court determined it was in Appellant=s best interest to revoke his probation and that his best interests
would be served by committing him to TYC for an indeterminate period. 

DISCUSSION

Appellant contends that the
evidence is legally and factually insufficient to show that reasonable efforts
were made to prevent or eliminate the need to remove him from his home or make
it possible for him to return home.  He
also complains that the evidence is legally and factually insufficient to show
that he, in his home, cannot be provided the quality of care and level of
support he needs to meet the conditions of his probation.

Family code section 54.05(m)
requires that if the court commits the child to TYC or places him outside the
home, the court Ashall@ include in its order  a
determination that:








(A)
it is in the child=s
best interests to be placed outside the child=s
home;

 

(B)
reasonable efforts were made to prevent or eliminate the need for the child=s
removal from the child=s
home and to make it possible for the child to return home; and

 

(C)
the child, in the child=s
home, cannot be provided the quality of care and level of support and
supervision that the child needs to meet the conditions of probation.

 

Tex. Fam. Code Ann. ' 54.05(m)
(Vernon Supp. 2005).  The legislature
added this subsection to the family code in 2005.  See Act of May 25, 2005, 79th Leg.,
R.S., ch. 949, ' 15, sec.
54.04, 2005 Tex. Gen. Laws 3198, 3205. 
The amendment only applies to conduct that occurs after the effective
date of the act, September 1, 2005.  See
Act of May 25, 2005, 79th Leg., R.S., ch. 949, ' 54, 2005 Tex. Gen. Laws 3198, 3218. 
Here, the judgment on the motion to modify disposition and the order of
commitment were signed on April 25, 2005. 
Accordingly, section 54.05(m) is not applicable to this case.








Prior to the effective date
of section 54.05(m), the court was not required to make the findings listed in
subsection m.  See In re J.P.,
136 S.W.3d 629, 630-31 (Tex. 2004); In re D.R.A., 47 S.W.3d 813, 814-15
(Tex. App.CFort Worth
2001, no pet.).  Before September 1,
2005, the family code required the court to make only the following two
findings before ordering modification of a disposition order:  (1) the original disposition was for conduct
constituting a felony or multiple misdemeanors, and (2) the child violated a
reasonable and lawful order of the court. 
Act of June 2, 2003, 78th Leg., R.S., ch. 283, ' 21, 2003 Tex. Gen. Laws 1221, 1227, and Act of May 24, 1999,
76th Leg., R.S., ch. 1477, ' 11, 1999 Tex. Gen. Laws 5067, 5070 (current version at Tex. Fam. Code Ann. ' 54.05 (Vernon Supp. 2005)); see In re J.P., 136 S.W.3d at
631.  Thus, prior to the addition of
section 54.05(m), the plain language of the family code required written
findings regarding best interests, reasonable efforts, and quality of in‑home
care in an original disposition order, but did not require the court to
make these findings in a modified one.  See
In re J.P., 136 S.W.3d at 631. 

The court found Appellant
violated his probation order, as alleged in the motion to modify disposition,
when he tested positive for marijuana use on March 23, 2005.  The court found that a probation order was
entered on November 30, 2004 for a period of one year in the cause that charged
Appellant with the offenses of felony graffiti and possession of a useable
quantity of marijuana in a drug-free zone. 
The court also found that it is in Appellant=s best interest to revoke his probation and that his best interests
would be served by committing him to the TYC. 








In addition, although these
findings were not required, in its commitment order, the court found that it
was in Appellant=s best
interest to be placed outside his home, reasonable efforts had been made to
prevent or eliminate the need for his removal from the home and to make it
possible for him to return home, and that in his home, he could not be provided
the quality of care and level of support and supervision that he needs to
fulfill the conditions of his probation. 
The court also found by a preponderance of the evidence that Appellant
had violated the conditions of probation by engaging in conduct that violates
family code section 54.05. 








Juvenile courts are vested
with a great amount of discretion in determining the suitable disposition of
children found to have engaged in delinquent conduct, and this is especially so
in hearings to modify disposition.  In
re D.R.A., 47 S.W.3d at 815. 
Therefore, the controlling issue is whether the record reveals that the
trial court abused its discretion in finding, by a preponderance of the
evidence, that Appellant violated a condition of his probation.  Id.  Appellant does not challenge the sufficiency
of the evidence to support the trial court=s finding that he violated the conditions of his probation, nor does
he contend that the court=s orders
placing him on probation and setting the terms and conditions of his probation
were not Areasonable
and lawful.@  In fact, Appellant stipulated that he tested
positive for marijuana use, that the reasonable and lawful conditions of his
probation required him not to violate any penal laws or use marijuana, among
other things, and that his probation was in full force and effect when he
tested positive for marijuana. Additionally, the evidence presented at the
modification hearing shows that Appellant was on probation for committing the
offense of felony grafitti and three separate incidences of misdemeanor
possession of marijuana in a drug-free zone. 
Consequently, the trial court acted well within its discretion in
committing Appellant to TYC for an indeterminate period.  See In re M.A.L., 955 S.W.2d
322, 324 (Tex. App.CWaco 1999,
no pet.) (stating that a plea of true to a violation of probation and a
stipulation to the evidence are analogous to a judicial confession, which
justifies the court=s finding
that the violation was committed by a preponderance of the evidence).  We therefore overrule Appellant=s sole issue.

CONCLUSION

Having overruled Appellant=s sole issue, we affirm the trial court=s judgment.

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
March 16, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See
Scott v. State, 162 S.W.3d 397, 405 (Tex. App.CBeaumont
2005, pet. ref=d).