IN THE MATTER OF D.G.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-167-CV

IN THE MATTER OF D.G.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant D.G. appeals from the juvenile court’s disposition order, committing him to the care, custody, and control of the Texas Youth Commission (TYC) for an indeterminate period of time, not to exceed the time when he reaches age twenty-one or until discharged in compliance with chapter 61 of the human resources code.  In a single issue on appeal, Appellant contends that the evidence is legally and factually insufficient to show that the disposition is in compliance with Texas Family Code section 54.04(i)(1).  We affirm.

FACTUAL BACKGROUND

On June 7, 2004, Appellant was placed on probation for the offense of possession of marijuana under two ounces in a drug-free zone.  Then, on December 3, 2004, Appellant was placed on probation for committing the offenses of graffiti and possession of marijuana under two ounces in a drug-free zone.

On February 15, 2005, the State filed a motion to modify disposition, alleging that on February 4, 2005, Appellant had violated health and safety code section 481.121 by possessing a usable quantity of marijuana of less than but equal to two ounces and on February 5, 2005, Appellant possessed marijuana.  After a hearing on February 24, 2005, the trial court determined that Appellant had violated the reasonable and lawful terms and conditions of his probation by possessing marijuana, as alleged in the motion to modify disposition, but concluded that it was not in Appellant’s best interest to revoke his probation.  Instead, the trial court ordered his probation to be extended.

On February 28, 2005, Appellant was charged with committing the offense of possession of marijuana under two ounces.  The State then filed a second motion to modify the disposition of Appellant’s case on April 4, 2005, alleging that he violated the terms and conditions of his probation by testing positive for marijuana on or about March 23, 2005.  During the hearing on the State’s motion to modify, Appellant stipulated that he had been put on probation for committing certain offenses, that two terms of his probation required that he not violate any penal laws or test positive for any illegal substances, and that his probation was in full force and effect on March 23, 2005.  He also stipulated that he tested positive for marijuana use on March 23, 2005. 

Appellant acknowledged that he had been using marijuana for “a while.” While on probation, he submitted to five urine analysis tests, four of which had tested positive for THC, or tetrahydrocannabinol, which is the active ingredient in marijuana.
(footnote: 2)  A psychological evaluation of Appellant revealed that he had intellectual difficulties, poor behavioral control, and a history of mild antisocial behavior.  Appellant’s probation officer testified that he would benefit from a more structured environment than he received at home. 

Appellant’s mother testified that he has not caused her any problems at home and that she wanted Appellant to remain at home with her.  She testified that she was looking for a place where she could get him some help.  Appellant testified that he did not want to go to TYC. 

After the modification hearing, the court found that Appellant had  violated the reasonable and lawful terms of his probation when he tested positive for marijuana on March 23, 2005.  In its order of commitment, the court also found that Appellant had violated penal code section 28.08 by committing the felony of graffiti.  The court determined it was in Appellant’s best interest to revoke his probation and that his best interests would be served by committing him to TYC for an indeterminate period. 

DISCUSSION

Appellant contends that the evidence is legally and factually insufficient to show that reasonable efforts were made to prevent or eliminate the need to remove him from his home or make it possible for him to return home.  He also complains that the evidence is legally and factually insufficient to show that he, in his home, cannot be provided the quality of care and level of support he needs to meet the conditions of his probation.

Family code section 54.05(m) requires that if the court commits the child to TYC or places him outside the home, the court “shall” include in its order  a determination that:

(A) it is in the child’s best interests to be placed outside the child’s home;

(B) reasonable efforts were made to prevent or eliminate the need for the child’s removal from the child’s home and to make it possible for the child to return home; and

(C) the child, in the child’s home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Tex. Fam. Code Ann.
 § 54.05(m) (Vernon Supp. 2005).  The legislature added this subsection to the family code in 2005.  
See
 Act of May 25, 2005, 79th Leg., R.S., ch. 949, § 15, sec. 54.04, 2005 Tex. Gen. Laws 3198, 3205.  The amendment only applies to conduct that occurs after the effective date of the act, September 1, 2005.  
See
 Act of May 25, 2005, 79th Leg., R.S., ch. 949, § 54, 2005 Tex. Gen. Laws 3198, 3218.  Here, the judgment on the motion to modify disposition and the order of commitment were signed on April 25, 2005.  Accordingly, section 54.05(m) is not applicable to this case.

Prior to the effective date of section 54.05(m), the court was not required to make the findings listed in subsection m.  
See
 
In re J.P.
, 136 S.W.3d 629, 630-31 (Tex. 2004); 
In re D.R.A.
, 47 S.W.3d 813, 814-15 (Tex. App.—Fort Worth 2001, no pet.).  Before September 1, 2005, the family code required the court to make only the following two findings before ordering modification of a disposition order:  (1) the original disposition was for conduct constituting a felony or multiple misdemeanors, and (2) the child violated a reasonable and lawful order of the court.  Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 21, 2003 Tex. Gen. Laws 1221, 1227, 
and 
Act of May 24, 1999, 76th Leg., R.S., ch. 1477, § 11, 1999 Tex. Gen. Laws 5067, 5070 (current version at 
Tex. Fam. Code Ann.
 § 54.05 (Vernon Supp. 2005)); 
see In re J.P.
, 136 S.W.3d at 631.  Thus, prior to the addition of section 54.05(m), the plain language of the family code required written findings regarding best interests, reasonable efforts, and quality of in-home care in an 
original 
disposition order, but did not require the court to make these findings in a modified one.  
See In re J.P.
, 136 S.W.3d at 631. 

The court found Appellant violated his probation order, as alleged in the motion to modify disposition, when he tested positive for marijuana use on March 23, 2005.  The court found that a probation order was entered on November 30, 2004 for a period of one year in the cause that charged Appellant with the offenses of felony graffiti and possession of a useable quantity of marijuana in a drug-free zone.  The court also found that it is in Appellant’s best interest to revoke his probation and that his best interests would be served by committing him to the TYC. 

In addition, although these findings were not required, in its commitment order, the court found that it was in Appellant’s best interest to be placed outside his home, reasonable efforts had been made to prevent or eliminate the need for his removal from the home and to make it possible for him to return home, and that in his home, he could not be provided the quality of care and level of support and supervision that he needs to fulfill the conditions of his probation.  The court also found by a preponderance of the evidence that Appellant had violated the conditions of probation by engaging in conduct that violates family code section 54.05. 

Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition.  
In re D.R.A.
, 47 S.W.3d at 815.  Therefore, the controlling issue is whether the record reveals that the trial court abused its discretion in finding, by a preponderance of the evidence, that Appellant violated a condition of his probation. 
 Id. 
 Appellant does not challenge the sufficiency of the evidence to support the trial court’s finding that he violated the conditions of his probation, nor does he contend that the court’s orders placing him on probation and setting the terms and conditions of his probation were not “reasonable and lawful.”  In fact, Appellant stipulated that he tested positive for marijuana use, that the reasonable and lawful conditions of his probation required him not to violate any penal laws or use marijuana, among other things, and that his probation was in full force and effect when he tested positive for marijuana. Additionally, the evidence presented at the modification hearing shows that Appellant was on probation for committing the offense of felony grafitti and three separate incidences of misdemeanor possession of marijuana in a drug-free zone.  Consequently, the trial court acted well within its discretion in committing Appellant to TYC for an indeterminate period.  
See
 
In re M.A.L.
, 955 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.) (stating that a plea of true to a violation of probation and a stipulation to the evidence are analogous to a judicial confession, which justifies the court’s finding that the violation was committed by a preponderance of the evidence).  We therefore overrule Appellant’s sole issue.

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  March 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Scott v. State
, 162 S.W.3d 397, 405 (Tex. App.—Beaumont 2005, pet. ref’d).