Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00464-CV

**IN THE MATTER OF N.I.N.,** A Juvenile

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-02843
Honorable Carmen Kelsey, Judge Presiding

Opinion by:　　Phylis J. Speedlin, Justice

Sitting:　　　　Sandee Bryan Marion, Justice
　　　　　　　　Phylis J. Speedlin, Justice
　　　　　　　　Marialyn Barnard, Justice

Delivered and Filed:　December 21, 2011

AFFIRMED

This is an appeal from a disposition modification committing N.I.N. to the Texas Youth Commission (TYC) for an indeterminate period. In one issue, N.I.N. asserts the trial court abused its discretion in revoking his probation and committing him to TYC. We affirm the judgment of the trial court.

## BACKGROUND

On January 19, 2010, N.I.N. was adjudicated as having engaged in delinquent conduct, specifically, aggravated assault with a deadly weapon, a felony. N.I.N. admitted to the charge against him, which involved him cutting his uncle's neck with a knife. The trial court found that placement outside the home was in N.I.N.'s best interest, and placed him on probation in the

physical custody of the Chief Juvenile Probation Officer until his eighteenth birthday. On February 2, 2010, N.I.N. was placed at the Krier Juvenile Correctional Treatment Center. He successfully completed the program and was released into his grandmother's custody on August 20, 2010.

On April 19, 2011, the State filed a motion to modify disposition, alleging that N.I.N. violated the terms of his probation by: failing to report to his probation officer as directed; failing to follow curfew; and failing to attend school every day and follow school rules as ordered. At the modification hearing, N.I.N. pled true to all three violations in an open plea. The State offered Exhibit No. 1 as evidence in support of his pleas of true, and it was admitted without objection. The court found that N.I.N. violated the three conditions of probation. As to disposition, the State recommended that N.I.N. be committed to TYC and offered State's Exhibit No. 2, the original predisposition report and a supplemental report, as evidence to support its recommendation. The court took note of N.I.N.'s history, which included referrals for evading arrest, possession of dangerous drugs, and contempt of court, dating back to September 2008. The supplemental report also noted that since N.I.N.'s release from the Krier Center, he refuses to follow the rules at home and school and comes and goes as he pleases.

The trial court ordered N.I.N. committed to TYC. The court found that it was in N.I.N.'s best interests to be placed outside the home; that reasonable efforts were made to prevent or eliminate the need for his removal from the home and to make it possible for him to return home; that while in the home, N.I.N. could not receive the quality of care and level of support and supervision needed to meet the conditions of probation; and that it was in the best interest of the child and society that disposition be commitment to TYC. The trial court additionally found that commitment to TYC was appropriate for the following specific reasons:

> Serious nature of offense; followed recommendation of the State and Probation Department; probation provided numerous services and child continues to break the law and violate term and conditions of probation; serious nature of injuries to victim; gang activity; needs treatment for substance abuse; failure to comply with probation conditions; not attending school; uses and sells drugs.

N.I.N. timely appealed.

## DISCUSSION

N.I.N.'s sole issue on appeal is that the trial court abused its discretion in revoking his probation and committing him to TYC because (1) there was insufficient evidence to find that he committed violations of his probation and (2) the court failed to use the least restrictive punishment available. Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition. *In re D.R.A.*, 47 S.W.3d 813, 815 (Tex. App.—Fort Worth 2001, no pet.); *see In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.). Absent a showing of abuse of discretion, we will not disturb the court's modification of a juvenile's disposition. *In re K.J.N.*, 103 S.W.3d 465, 466 (Tex. App.—San Antonio 2003, no pet.); *see In re K.T.*, 107 S.W.3d 65, 73–74 (Tex. App.—San Antonio 2003, no pet.) (applying abuse of discretion standard "divorced from the standards for evidentiary review" in reviewing juvenile commitment order). A court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *In re K.J.N.*, 103 S.W.3d at 466. In a modification proceeding, commitment to TYC is proper when a juvenile originally committed a felony or multiple misdemeanors, and the trial court finds by a preponderance of the evidence that the juvenile violated a reasonable and lawful condition of probation. TEX. FAM. CODE ANN. § 54.05(f) (West Supp. 2011); *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004); *In re H.G.*, 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no pet.). When

the trial court commits a child to TYC, it must include in its order a determination that: (1) it is in the child's best interests to be placed outside the home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.05(m)(1) (West Supp. 2011).

Initially, N.I.N. argues that there was insufficient evidence offered at the disposition hearing to find that he committed violations of his probation. N.I.N., however, pled true to all three violations. A plea of true to a violation of probation and a stipulation to the evidence are analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence. *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.). Accordingly, the court was justified in finding by a preponderance of the evidence that N.I.N. violated a lawful court order. *See* TEX. FAM. CODE ANN. § 54.05(f).

As to the commitment to TYC, N.I.N. argues that it constitutes excessive punishment given that the alleged violations of his probation were non-violent and not inherently criminal. He stresses that the Family Code requires the trial court to use the least restrictive punishment for a youth in need of supervision, and that he has demonstrated that supervision at the Krier Center is a successful program for him.

A disposition based on the finding that a juvenile has committed a felony may be modified to commit the child to TYC if the court, after a hearing, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. *See id*. Here, N.I.N. committed the felony of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). In addition, the court found that he violated the terms of his probation.

*See* TEX. FAM. CODE ANN. § 54.05(f).  The court was not required to exhaust all possible alternatives prior to committing N.I.N. to TYC.  *See In re J.A.M.*, No. 04-07-00489-CV, 2008 WL 723327, at *2 (Tex. App.—San Antonio March 19, 2008, no pet.) (mem. op.) (citing *In re J.R.C.*, 236 S.W.3d 870, 875 (Tex. App.—Texarkana 2007, no pet.)).  Although N.I.N. argued for a return to the Krier Center where he had successfully completed treatment, the trial court was able to observe N.I.N.'s long history with the probation department and his continual failure to follow the terms and conditions of his probation after his release from the Krier Center.  And even though the violations of his probation may have been technical, the court stressed that the violence of the underlying offense, in which N.I.N. cut his uncle's throat with a knife, warranted commitment to TYC.  Based on the record before us, we hold that the trial court did not abuse its discretion in modifying N.I.N.'s juvenile disposition and committing him to TYC.  Accordingly, N.I.N.'s issue on appeal is overruled and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice