

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00224-CV

IN THE MATTER OF A.M.M.

----------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant A.M.M., a juvenile, appeals the trial court's order modifying his prior disposition and committing him to the Texas Juvenile Justice Department (TJJD). In one issue, A.M.M. argues that the trial court abused its discretion by committing him to the TJJD. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, A.M.M. was charged with delinquent conduct by committing robbery, a felony. Subsequently, in April 2012, A.M.M. waived his right to a jury trial and signed a stipulation of evidence, which constitutes a judicial confession of the acts charged. The trial court placed A.M.M. on probation.

In February 2013, the State filed a petition to modify and extend disposition, alleging that A.M.M. had violated six conditions of his probation, including the condition requiring him to report to his probation officer and the condition requiring him to be inside his residence by the designated curfew. At the adjudication hearing, A.M.M. entered a plea of true to two violations of his probation as alleged by the State, and the State introduced into evidence a document entitled "Stipulation of Evidence," in which A.M.M. stipulated to having committed the following violations of probation alleged by the State:

**VIOLATION 4:**

That on or about December 14, 2012, in Wichita County, Texas, I did then and there fail to report in person to the probation officer as directed by said officer, in violation of a lawful and valid court order dated April 10, 2012.

**VIOLATION 5:**

That on or about January 22, 2013, in Wichita County, Texas, I did then and there fail to be inside the residence of the custodian, or other place approved by the Wichita County Juvenile Probation Department, at the designated curfew in accordance with [my] assigned level of supervision, in violation of a lawful and valid court order dated April 10, 2012.

2

The trial court found it to be true that A.M.M. had violated conditions 4 and 5 as alleged in the petition to modify and as set forth in the stipulation of evidence and found that A.M.M. was a juvenile in need of further supervision.

Following the adjudication hearing, the trial court conducted a disposition hearing. The trial court took judicial notice of the court's file, including the sealed envelopes in this case, and heard testimony. Each of the probation officers who had supervised A.M.M. testified regarding A.M.M.'s curfew violations, his new charge for evading arrest, his use of marijuana, his failures to report to his probation officers, his violation of school rules regarding cell phones, and the deterioration in his behavior. One of A.M.M.'s probation officers testified regarding the opportunities and resources that had been afforded A.M.M.: the Juvenile Justice Alternative Education Program, electronic monitoring (five times), resilience class, rational behavior training class (twice), victimization curriculum (twice), life skills group, overcoming stereotypes class, character development courses, chemical dependency groups, and cultural diversity class. A.M.M. testified and provided explanations for the various violations of his probation conditions, but he ultimately admitted that he had violated his probation by smoking marijuana on multiple occasions, by failing to report to his probation officer on multiple occasions, and by missing curfew. A.M.M.'s mother and his football coach also testified and provided the trial court with a positive view of A.M.M., stating that he is a very good kid who knows right and tries to do right,

3

that he has realized that there are better things for him as far as academics and football are concerned, and that he has shown that he is capable of doing better.

At the conclusion of the disposition hearing, the trial court found by a preponderance of the evidence that placement outside the home was in A.M.M.'s best interest; that reasonable efforts had been made to prevent or eliminate such removal; and that A.M.M., in his home, could not be provided the level of support, supervision, or care necessary to meet his conditions of supervision. The trial court ordered A.M.M. to the TJJD until his nineteenth birthday or until he is paroled at the TJJD's discretion. This appeal followed.

## III. TRIAL COURT DID NOT ABUSE ITS DISCRETION BY MODIFYING PRIOR DISPOSITION

In his sole issue, A.M.M. argues that, in light of the evidence, the trial court abused its discretion by committing him to the TJJD. A.M.M. points to the following evidence: there was a lack of misconduct on his part, "other than technical violations of probation"; there was no evidence that he was charged with any other crimes during his probationary period; and he actively participated in various rehabilitational classes, performed community service hours, showed an overall improvement in attitude, and substantially complied with the terms of his probation.

In a juvenile case, the trial court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated to have engaged in delinquent conduct. *In re J.R.C.S.*, 393 S.W.3d 903, 914 (Tex. App.—El Paso 2012, no pet.). We do not disturb the juvenile court's findings absent an abuse of

4

discretion. *Id.* The juvenile court does not abuse its discretion merely because it decides a matter differently than the appellate court would have in a similar situation. *Id.*

Here, A.M.M. was before the trial court on a petition to modify his prior disposition, which is governed by section 54.05(f) of the Texas Family Code. Tex. Fam. Code Ann. § 54.05(f) (West Supp. 2013). Section 54.05(f) provides that a disposition for a felony may be modified to commit the child to a TJJD facility if the trial court, after a hearing, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. *See* Tex. Fam. Code Ann. § 54.05(f); *In re J.A.D.*, 31 S.W.3d 668, 671 (Tex. App.—Waco 2000, no pet.). Consequently, the sole inquiry before this court is whether the trial court abused its discretion by finding that A.M.M. violated a reasonable and lawful order of the court. *See* Tex. Fam. Code Ann. § 54.05(f).

The record reveals that A.M.M. pleaded true to two of the State's allegations. *See In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.) (stating that a plea of true to violating probation is "analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence"). Based on A.M.M.'s plea of true and his stipulation of evidence to violations of conditions 4 and 5, the trial court found, by a preponderance of the evidence, that A.M.M. had violated two conditions of his probation. Because A.M.M.'s probation was for a felony and because he had violated a condition of his probation, the trial court did not abuse its discretion by

5

modifying the disposition from probation to confinement in a TJJD facility. *In re J.P.*, 150 S.W.3d 189, 190–91 (Tex. App.—Fort Worth 2003), *aff'd*, 136 S.W.3d 629 (Tex. 2004) (holding that trial court did not abuse its discretion by modifying disposition under section 54.05(f) because evidence demonstrated that appellant had pleaded true to violating his probation by failing to complete detention center's post-adjudication program). We overrule A.M.M.'s sole issue.

## IV. CONCLUSION

Having overruled A.M.M.'s sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: March 6, 2014