

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00686-CV

**IN THE MATTER OF C.A.G.**

From the 436th District Court, Bexar County, Texas
Trial Court No. 2013-JUV-00059
The Honorable Lisa Jarrett, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

In this appeal from an order of disposition committing appellant to the Texas Juvenile Justice Department (the "TJJD"), appellant asserts the trial court erred because a continuation of his probation was a more appropriate disposition and in his best interest.

### BACKGROUND

In February 2013, appellant pled true to assault causing bodily injury to a peace officer; was placed in the care, custody, and control of the Chief Probation Officer; and committed to the Cyndi Taylor Krier Juvenile Correctional Treatment Center (the "Krier Center").  Among the rules of his probation was that he obey all rules of placement.  About five months after his placement, appellant was discharged, unsuccessfully, for not completing the program at the Krier Center.  The State subsequently filed a motion to modify disposition.

At appellant's first modification hearing, on July 25, 2013, he pled true to failing to obey the rules of the placement for which he was unsuccessfully discharged from the Krier Center based on "continued behavioral misconduct and non-compliance." At this hearing, Jeff Garza, appellant's probation officer, testified that appellant (who was seventeen years old at the time of the hearing) had "an extensive history [beginning at age twelve] with" the probation department, and appellant had a total of seventeen referrals to the department. Garza said appellant was on two separate probation terms, one for assault bodily injury that was adjudicated in June 2011; and due to subsequent violations, appellant was ordered into secure placement at the Krier Center on July 12, 2012. While at the Krier Center, appellant committed the felony offense of assault on a public servant, for which he was adjudicated; was placed on probation until his eighteenth birthday; and his placement at the Krier Center was continued.

Garza testified appellant was unsuccessfully discharged from the Krier Center on June 5, 2013, and the discharge was a culmination of behavior sanctions that occurred over his eleven-month placement. Garza said appellant amassed over 270 behavior sanctions during his placement, the majority of which were related to fighting with peers, gang-related behavior, and verbal aggression. Prior to his June discharge, a special staffing occurred on March 6, 2013, at which it was decided to alter appellant's treatment plan. Garza said appellant did not take advantage of the opportunity the treatment team put in place for him. A second special staffing occurred on May 10, 2013, this time with appellant's mother present, following which appellant was given thirty days in which to improve his behavior. However, by June 5, 2013, appellant again threatened the staff and had "well over 200 refusals for BTOs and the BCUs." Appellant was released from the Krier Center on July 11, 2013, and placed on electronic monitoring while he was in his mother's home. Garza said a recent evaluation of appellant revealed his level of risk to re-

offend is high; his risk factors include aggression; and a mental health history that includes anxiety, depression, ADHD, conduct disorder, and cannabis dependence.

Appellant's mother testified that appellant has been well-behaved since returning home from the Krier Center.

At the close of the July 25 hearing, the trial court continued appellant on electronic monitoring until August 15, 2013, imposed a curfew, and withheld disposition until September 10, 2013. The court noted it would "let [appellant's] actions tell me what I'm going to do." The court told appellant, "You mess up, you're going to TJJD." Appellant responded, "Yes, ma'am." In the less than two months between the July 25 hearing and the September 10 hearing, appellant left the county without permission from the probation department, failed to comply with curfew, and tested positive for marijuana use.

At the September 10 hearing, Garza said appellant did well while he was on electronic monitoring, he reported weekly, and his drug tests were clean. However, on August 15, the monitor was removed, and on August 17, appellant left the county without permission. Appellant reported back to Garza on August 28, and his drug test showed positive for marijuana. Garza reminded the court that appellant's unsuccessful discharge from the Krier Center was based on over 270 documented behavior infractions over an eleven-month period. Appellant's mother said she did not know appellant was not allowed to leave the county without permission. Appellant admitted he "messed up," but he has been trying to do what he is required of him. Following the September 10 hearing, the trial court committed appellant to the TJJD and this appeal followed.

## DISCUSSION

On appeal, appellant concedes he "faces many problems," but he contends he was compliant with his counseling sessions while at the Krier Center and individual counseling appeared to help him. He asserts it is in his best interest to keep him near his family, in residential

placement or on probation. We review the court's disposition order and findings under an abuse of discretion standard separate and apart from legal and factual sufficiency standards. *In re K.T.*, 107 S.W.3d 65, 74-75 (Tex. App.—San Antonio 2003, no pet.). We view the evidence in the light most favorable to the court's ruling, affording almost total deference to its findings of historical fact supported by the record, but review de novo the court's determination of the applicable law, its application of the law to the facts, and its resolution of any factual issues that do not involve credibility assessments. *Id.* at 75.

Section 54.05 of the Texas Family Code controls what the trial court must find before a modification committing the child to the TJJD is authorized. TEX. FAM. CODE ANN. § 54.05 (West 2014). A disposition based on a finding that the child engaged in delinquent conduct may be modified to commit the child to the TJJD if the court, after a hearing to modify disposition, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. *Id.* § 54.05(f). The court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of other witnesses. *Id.* § 54.05(e).

Courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so on hearings to modify disposition. *In the Matter of J.L.*, 664 S.W.2d 119, 120 (Tex. App.—Corpus Christi 1983, no writ). Therefore, the controlling issue when a court modifies a disposition that was based on a finding of delinquent conduct is whether the record shows that the court abused its discretion in finding, by a preponderance of the evidence, a violation of a condition of probation. *See In the Matter of P.A.O.*, 530 S.W.2d 902, 904 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ); *In the Matter of Cockrell*, 493 S.W.2d 620, 626 (Tex. Civ. App.—Amarillo 1973, writ ref'd n.r.e.).

Appellant pled true to violating a condition of his probation. A plea of true to a violation of probation is analogous to a judicial confession that justifies the court's finding the violation was committed by a preponderance of the evidence. *See In re J.P.*, 150 S.W.3d 189, 190-91 (Tex. App.—Fort Worth 2003), *aff'd*, 136 S.W.3d 629 (Tex. 2004); *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.); *In the Matter of J.L.*, 664 S.W.2d at 120-21. Therefore, based on appellant's plea of true, the trial court found, by a preponderance of the evidence, that appellant had violated one condition of his probation. Also, between the July hearing and the September hearing, the trial court afforded appellant the opportunity to avoid commitment to the TJJD, and expressly told appellant at the end of the July hearing, "You mess up, you're going to TJJD." Within days of being released from electronic monitoring, appellant left the county without consent, and, upon his return, tested positive for marijuana use.

On this record, we cannot conclude the trial court abused its discretion by modifying the disposition from probation to confinement in a TJJD facility.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice