Opinion issued October 4, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00955-CV






IN THE MATTER OF E.B.R.






On Appeal from County Court at Law No. 3 and Probate Court 

Brazoria County, Texas

Trial Court Cause No. JV12919B






MEMORANDUM OPINION 

 E.B.R. appeals the juvenile court's (1) order modifying his juvenile disposition
by revoking E.B.R.'s probation and committing him to the Texas Youth Commission
("TYC") until his twenty-first birthday. (2) In three points of error, E.B.R. contends that
(1) certain verbal findings made by the juvenile court at the modification hearing, but
deleted from the modification order, cannot serve to support the modification order;
(2) E.B.R. was denied effective assistance of counsel at the modification hearing; and
(3) the juvenile court abused its discretion in making one of the findings supporting
the revocation of E.B.R.'s probation.

 We affirm.

Background


 On July 14, 2006, the juvenile court adjudged E.B.R. to have engaged in
delinquent conduct by possessing a weapon on the premises of a school. (3) The
juvenile court signed a disposition order placing E.B.R. on probation for 18 months. 
As requirements of his probation, E.B.R. was ordered (1) to attend the Brazoria
County Juvenile Justice Alternative Education Program ("JJAEP"), (2) to remain at
the Brazoria County Juvenile Residential Center ("residential center"), and (3) to
obey all JJAEP and residential center rules.

 On September 1, 2006, the State filed a petition to modify E.B.R.'s disposition. 
In the petition, the State sought to revoke E.B.R.'s probation and requested that
E.B.R. be committed to the TYC. In support of its request, the State alleged 20
violations of the conditions of E.B.R.'s probation. Specifically, the State alleged 20
separate instances of E.B.R.'s failure to comply with the rules of either the JJAEP or 
the residential center. 

 At the modification hearing, Belinda Gaines, principal of the JJAEP, testified
for the State. Gaines testified that she met with E.B.R. three to five times in response
to staff reports that E.B.R. had violated JJAEP rules. In conjunction with Gaines's
testimony, eight disciplinary forms were admitted into evidence detailing E.B.R.'s
rule-violative behavior at the JJAEP and at the residential center. When the first three
of these forms were offered into evidence, the defense objected on hearsay grounds. 
The juvenile court sustained the objection for the first two forms, which had been
authored by JJAEP staff other than Gaines, but overruled the hearsay objection
regarding a disciplinary form authored by Gaines ("the Gaines disciplinary form"). 
Ultimately, in addition to the the Gaines disciplinary form, seven other disciplinary
forms were admitted as JJAEP business records through Gaines. 

 The Gaines disciplinary form described E.B.R.'s insubordinate behavior
directed at Gaines and personally observed by her on August 23, 2006. Gaines
testified that the reason she wrote the discipline report was because E.B.R. was rude
and disrespectful toward her while she was in the process of correcting him for
another rule infraction that had been reported by the staff. Although she did not
witness the behavior that caused E.B.R. to be sent to her, Gaines personally observed
the behavior she identified on the disciplinary form. The disciplinary form authored
by Gaines's provides, 

 When correcting [E.B.R.] and another student he proceeded to tell me
that the reason he is in trouble is because I always come in and scream
at him like another teacher. He is rude and disrespectful. To my
knowledge [E.B.R.] has been escorted from the class on 2 previous
incidents today. He is chronically refusing to do what is asked without
compliance. I had previously tried to assist him with math and he
refused to comply. 

In addition to the written explanation, Gaines also checked the following infractions
on the form: "Insubordination/Disrespect towards staff or peers" and "Talking
without permission." At the modification hearing, Gaines testified that E.B.R.'s
conduct toward her, as described in the disciplinary form, violated the JJAEP's rules. 

 At the conclusion of the hearing, the juvenile court verbally identified seven
violations of E.B.R.'s probation conditions. Specifically, the juvenile court found
that E.B.R. had, in seven separate instances, violated either the JJAEP's rules or the 
residential center's rules. 

 The juvenile court signed an order modifying E.B.R.'s disposition. The court
revoked E.B.R.'s probation and committed him to the TYC until his twenty-first
birthday. In the modification order, the juvenile court identified the following five
probation violations:

 (1) On August 23, 2006, [E.B.R.] failed to comply with the rules of the
Juvenile Justice Alternative Education Program by insubordination,
disrespect towards staff or peers and talking without permission.


 (2) On August 23, 2006, [E.B.R.] failed to comply with the rules of the
Juvenile Justice Alternative Education Program by insubordination,
disrespect towards staff or peers and gang activity.


 (3) On August 11, 2006, [E.B.R.] failed to comply with the rules of the
Juvenile Justice Residential Center by carving letters into the plaster on
the wall.


 (4) On August 23, 2006, [E.B.R.] failed to comply with the rules of the
Juvenile Justice Residential Center by cursing, disrespect to staff and
disrespect to juvenile.


 (5) On August 27, 2006, [E.B.R.] failed to comply with the rules of the
Juvenile Justice Residential Center by horse playing.

 Raising three points of error, E.B.R. challenges the modification order.

Point of Error Two


 In his second point of error, E.B.R. contends that he was denied effective
assistance of counsel at the modification hearing because his counsel did not object 
on Confrontation Clause grounds to the admission of a number of the disciplinary
forms. See U.S. Const. amend. VI. 

A. Legal Principles Governing Ineffective Assistance of Counsel

 To prove ineffective assistance of counsel, appellant must show (1) that
counsel's performance fell below an objective standard of reasonableness and (2) that
the deficient performance prejudiced the appellant. Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). Under the first prong, appellant must
overcome the strong presumption that counsel's performance falls within a wide
range of reasonable professional assistance. Andrews, 159 S.W.3d at 101. Under the
second prong, appellant must show that there is a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been different. Id. at 102.
A "reasonable probability" is a probability sufficient to undermine confidence in the
outcome. Id. Appellant has the burden to establish both prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A
failure to make a showing under either prong defeats a claim of ineffective assistance
of counsel. Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

B. Analysis

 E.B.R. characterizes the statements in the disciplinary forms, which describe
various instances of E.B.R.'s rule-breaking conduct either at the JJAEP or the
residential center, as testimonial in nature. E.B.R. points out that the majority of the
written statements found in the disciplinary forms were made by persons who did not
testify at the modification hearing. E.B.R. contends that his counsel's failure to lodge
a Confrontation Clause objection to the forms denied him the right to confront
witnesses in contravention of his Sixth Amendments rights. 

 In this case, we need not consider whether counsel's failure to make a
Confrontation Clause objection to the disciplinary forms containing statements of
non-testifying witnesses rendered his performance deficient. E.B.R. has not shown
that there is a reasonable probability that, but for such errors, the outcome of trial
would have been different. See Boyd v. State, 811 S.W.2d 105, 109 (Tex. Crim. App.
1991). 

 Here, the the Gaines disciplinary form was not the proper subject of a
Confrontation Clause objection because Gaines testified at the modification hearing. (4) 
See Grant v. State, 218 S.W.3d 225, 232 n.3 (Tex. App.--Houston [14th Dist.] 2007,
pet. ref'd) (clarifying that court's holding concerning testimonial statements is
concerned only with descriptions made by non-testifying witnesses). The record
reflects that the disciplinary form authored by Gaines, along with her testimony
regarding E.B.R.'s insubordinate conduct toward her, supports the juvenile court's
first written finding of a probation violation: "On August 23, 2006, [E.B.R.] failed to
comply with the rules of the Juvenile Justice Alternative Education Program by
insubordination, disrespect towards staff or peers and talking without permission." 
This one finding of a probation violation alone is sufficient to support the juvenile
court's revocation of E.B.R.'s probation. See In re T.R.S., 115 S.W.3d 318, 321 (Tex.
App.--Texarkana 2003, no pet.) ("When the state's proof of any of the alleged
violations of probation is sufficient to support a revocation of probation, the
revocation should be affirmed."); see also Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. 1980) (holding in adult criminal case that probation may be revoked
for violation of single condition).

 E.B.R. acknowledges that, "it is true that the State's proof of any of the alleged
violations is sufficient to support a revocation of probation" but questions whether
there is a reasonable probability that, but for such errors, the juvenile court would
have revoked his probation based only on evidence that he was rude and disrespectful
to Gaines. E.B.R. makes no argument that such conduct was not a violation of the
JJAEP's rules and thus a violation of his probation. Rather, E.B.R. implies that the
juvenile court would not have revoked his probation based on such a technical or
minor violation alone. 

 The juvenile court has broad discretion to determine a suitable disposition of
a child found to have engaged in delinquent conduct; this is especially true in
hearings to modify a disposition. In re D.R.A., 47 S.W.3d 813, 815 (Tex. App.--Fort
Worth 2001, no pet.). More particularly, in a juvenile probation revocation hearing,
the decision whether to revoke rests within the discretion of the trial court. T.R.S.,
115 S.W.3d at 320. When reviewing a court's modification of a juvenile's
disposition on appeal, the controlling issue is whether the evidence is sufficient to
support the court's finding, by a preponderance of the evidence, that the juvenile
violated a condition of probation. Id. Here, the evidence, namely Gaines's testimony
and the disciplinary form she authored, sufficiently support the juvenile court's first
written finding. 

 We find no current law prohibiting a juvenile court from revoking juvenile
probation for a technical violation. By analogy, courts have held, in criminal cases,
that community supervision may be revoked for a violation of any condition,
including violations of any single "technical" condition. Nurridin v. State, 154
S.W.3d 920, 924 (Tex. App.--Dallas 2005, no pet.).

 Here, the probation revocation was supported by the juvenile court's first
written finding. This finding was supported by evidence not subject to a
Confrontation Clause objection. Thus, we conclude that, even if E.B.R.'s counsel
erred by failing to lodge a Confrontation Clause objection to the disciplinary forms
containing statements of non-testifying witnesses, appellant has not shown that there
is a reasonable probability that, but for any such errors, the outcome of the
modification hearing would have been different. See Andrews, 159 S.W.3d at 102. 

 The failure to make a showing under either of the required Strickland prongs
defeats a claim for ineffective assistance of counsel. Rylander, 101 S.W.3d at
110-11. Accordingly, because he did not satisfy the second Strickland prong, we
hold that E.B.R. has not met his burden to show ineffective assistance of counsel by
a preponderance of the evidence. See Jackson, 973 S.W.2d at 956.

 We overrule E.B.R.'s second point of error.

Points of Error One and Three


 In his first point of error, E.B.R. contends that two of the juvenile court's oral
findings made at the conclusion of the modification hearing, describing E.B.R.'s
probation violations, "cannot be used as support for the revocation" of E.B.R.'s
probation because they were "deleted" from the juvenile court's written findings in
the modification order. In his third point of error, E.B.R. asserts that the juvenile
court abused its discretion when it found, "On August 27, 2006, [E.B.R.] failed to
comply with the rules of the Juvenile Justice Residential Center by horseplaying." 

 As discussed, there is one sufficient ground for revocation: E.B.R.'s failure to
follow the JJAEP's rules on August 23, 2006 by being insubordinate and
disrespectful towards Gaines and by talking without permission. Thus, because one
probation violation will support the juvenile court's order to revoke probation, we
need not address E.B.R.'s contentions raised in points of error one and three. See
Sanchez, 603 S.W.2d at 871.

Conclusion


 We affirm the judgment of the juvenile court.





 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Hanks, and Higley.
1. The County Court at Law No. 3 and Probate Court of Brazoria County sat as juvenile
court in this case.
2. E.B.R. was 16 years old when the juvenile court committed him to the TYC.
3. See Tex. Pen. Code Ann. § 46.03 (Vernon Supp. 2006).
4. As mentioned, on August 23, 2006, Gaines met with E.B.R. to address E.B.R.'s rule-violative behavior in the classroom. Gaines did not witness E.B.R.'s conduct in the
classroom. E.B.R. argues that the first probation violation found by the juvenile court
was partly based on hearsay because Gaines did not witness the incidents in the
classroom that led E.B.R. to be sent to Gaines for corrective measures. Contrary to
E.B.R.'s assertion, Gaines testified that the reason she wrote the August 23, 2006
disciplinary report was because appellant was rude and disrespectful toward her while
she was in the process of correcting him for the classroom violations. Although she
did not witness the behavior that caused E.B.R. to be sent to her, Gaines personally
observed the rude and disrespectful behavior she detailed in the disciplinary form,
which supports the juvenile court's first probation-violation finding.